In re KASSEL.

(Circuit Court of Appeals, Second Circuit. March 11, 1912.)

No. 147.

**1. BANKRUPTCY (§ 160*)—"ACT OF BANKRUPTCY"—PREFERENCES.**

Transfer of property by a debtor with intent to prefer creditors does not constitute an act of bankruptcy within Bankr. Act July 1, 1898, c. 541, § 3a, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), unless he is insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 249–258; Dec. Dig. § 160.*

For other definitions, see Words and Phrases, vol. 1, p. 118; vol. 8, p. 7562.]

**2. BANKRUPTCY (§ 91*)—PREFERENCES—EVIDENCE—SUFFICIENCY.**

On petition for an adjudication of bankruptcy, evidence *held* to sustain a finding that the alleged bankrupt was solvent when he made certain transfers.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 137–139; Dec. Dig. § 91.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Abraham Kassel, alleged bankrupt. From an order dismissing their petition for an adjudication of bankruptcy, Jesse Jedel and others appeal. Affirmed.

Malcolm Sundheimer (A. Maurice Levine, of counsel), for appellants.

Solon B. Lilienstern (J. B. Engel and Joseph G. Engel, on the brief), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The acts of bankruptcy alleged in the petition are those mentioned in the Bankruptcy Act, § 3A, subds. 1 and 2, and consist of the transfer by Kassel, while he was (as is alleged) insolvent, of portions of his property with intent to prefer certain creditors, and the transfer of certain portions of his property within the four months' period with intent (as is alleged) to hinder, delay, and defraud his creditors.

[1] We concur with Judge Hough in the conclusion that there is no evidence tending to support the allegation of intent to hinder, delay, or defraud creditors. The only question, therefore, which need

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be considered, is whether transfers of portions of his property were made by Kassel, while insolvent, with intent to give preferences to creditors, who were the transferees. The question of intent is unimportant unless insolvency at the time of transfer is shown.

The appellants discuss some passages in the opinion of the special master as if they were findings, and argue at considerable length to show that the testimony does not support such findings. They are in error, because these passages are not findings at all, but merely remarks arguendo. The only findings of the special master are as to the value of the items of the property which made up Kassel's assets at the time and to the amount of his indebtedness. These, under the act, are the facts from which insolvency or solvency is to be determined.

[2] The bankrupt at the time in question owned certain pieces of real estate. Seven qualified experts familiar with real estate values testified before the special master. Three of them were called by the petitioning creditors; four of them by the bankrupt. Kassel also, who had dealt extensively in real estate, qualified as an expert and testified as to values. The special master refers to him as follows:

"Upon the witness stand the respondent impressed me as being an honest and truthful witness, and likewise a person of considerable experience in real estate dealings in the city of New York, and to be a man of force and ability."

Irrespective of Kassel's evidence, there was a wide divergence between the estimates of the value of the five different parcels especially in controversy given by the experts. Between the highest estimate given by the respondent's and the lowest estimate given by the creditors' witness there is a difference of over $100,000, and the lowest estimate of the latter witnesses is more than $40,000 less than the assessed valuation of these properties at the time on the tax books. The special master saw all these witnesses who were cross-examined at great length, and we find nothing in the record which would clearly show error in accepting the estimates of one group or of one witness rather than those of the others. He reached the conclusion that the assets exceeded the liabilities by about $40,000.

The special master apparently omitted from the list of liabilities certain unpaid taxes ($8,350), and also three notes ($8,950) held by petitioning creditors, and which they assert they own. They did not prove their ownership, but the evidence seems to indicate that, at the time of transfer, these notes represented an indebtedness due to some one. The total of these two items, however, is considerably less than the excess of assets over liabilities found by the special master; and, since we are not persuaded that he made any other "manifest errors in calculations," his findings are accepted, and the order of the District Court is affirmed.